T.C. Memo. 2004-144

UNITED STATES TAX COURT

LILLIE M. PETTY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1984-03.               Filed June 17, 2004.

Lillie M. Petty, pro se.

Thomas D. Yang, for respondent.

MEMORANDUM OPINION

PAJAK, Special Trial Judge:  Respondent determined a
deficiency of $1,755 in petitioner's 2000 Federal income tax.
Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year in issue.

This Court must decide:  (1) Whether petitioner had
unreported gambling income, and (2) whether the inclusion of such
income reduced petitioner's earned income credit.

- 2 -

Some of the facts in this case have been stipulated and are so found. Petitioner resided in Chicago, Illinois, at the time she filed her petition.

Section 7491(a) does not apply because this case involves legal issues.

On Form 1040, U.S. Individual Tax Return, for taxable year 2000, petitioner reported $11,835 in wage income. Petitioner did not report any other income. Petitioner also claimed head of household filing status, two dependency exemptions, and the standard deduction. Petitioner claimed the earned income credit (EIC) in the amount of $3,888.

Respondent received five Forms W-2G, Certain Gambling Winnings, for taxable year 2000, four from Hollywood Casino Aurora in the amounts of $2,500, $2,000, $1,800, and $1,440, respectively, and one from Showboat Marina Casino Partnership in the amount of $1,440, for a total of $9,180. From these Forms W-2G, respondent determined that petitioner had unreported gambling income of $9,180 for taxable year 2000. Accordingly, respondent increased petitioner's adjusted gross income to $21,015 and decreased petitioner's EIC by $1,755.

Section 61(a) provides that gross income includes all income from whatever source derived, unless excludable by a specific provision of the Code. No specific code section excludes gambling winnings from gross income. Section 165(d) allows

gambling losses but only to the extent of gambling winnings.

Petitioner stipulated that she received gambling winnings in the amount of $9,180 during taxable year 2000. In the notice of deficiency, respondent allowed petitioner a deduction for itemized deductions, including gambling losses equal to her gambling winnings.

We find that the unreported $9,180 of gambling winnings is includable in petitioner's adjusted gross income for the taxable year 2000. As a result, petitioner's adjusted gross income was properly increased from $11,835 to $21,015. There is no argument or evidence from petitioner that she was in the trade or business of gambling. Thus her gambling losses are deductible only as itemized deductions, not from gross income, in arriving at adjusted gross income. Her gambling winnings therefore result in a dollar-for-dollar increase to her adjusted gross income. Torpie v. Commissioner, T.C. Memo. 2000-168.

Section 32(a)(1) allows an earned income tax credit to eligible individuals. Section 32(a)(2) provides that the allowable credit shall be phased out if "the modified adjusted gross income (or, if greater, the earned income) of the taxpayer for the taxable year" exceeds a prescribed amount. Section 32(c)(5) defines modified adjusted gross income as "adjusted gross income determined without regard to" adjustments not relevant here. There is no provision in section 32 that excludes

gambling income from modified adjusted gross income or allows the deduction of gambling losses in arriving at modified adjusted gross income.

Unfortunately for petitioner, the EIC is based upon modified adjusted gross income as defined for section 32.  We have verified that respondent's computation of the earned income credit is correct based on the inclusion of petitioner's gambling winnings as part of her modified adjusted gross income.  We conclude that the increase in petitioner's modified adjusted gross income decreased her EIC and resulted in the deficiency in issue.  We have no choice but to sustain respondent's determination.

Decision will be entered for respondent.